IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN J. LOONEY, SR., and DO PROCESS, INC. d/b/a BAD BOY BAIL BONDS,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>KAROLINA TIERNEY and J. COLLEEN HERRINGTON,<br><br>　　　　　　Defendants. | CV 24–109–BU–DWM<br><br>ORDER |

On October 1, 2024, Plaintiffs John J. Looney, Sr., and Do Process, Inc. d/b/a Bad Boy Bail Bonds (collectively, "Plaintiffs") filed suit against Bozeman Municipal Judges Karolina Tierney and Colleen Herrington (together, "Defendants") alleging Section 1983 liability for violating Plaintiffs' First Amendment right to petition the government for a redress of grievances. (Doc. 1 at ¶¶ 99–122.) That same day, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction, seeking to enjoin Defendants from interfering with Plaintiffs' writing and filing of surety bail bonds on behalf of defendants charged with criminal offenses in Bozeman Municipal Court. (Doc. 3 at 1, Doc. 4 at 25.)

1

On October 2, 2024, Plaintiffs' request for a temporary restraining order was denied and a preliminary injunction hearing set for October 29, 2024. (Doc. 8.) On October 3, 2024, Plaintiffs filed a second motion for temporary restraining order, or in the alternative, a request to advance the hearing date on their motion for preliminary injunction. (Doc. 9).

In deciding whether to grant a motion for temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain such preliminary relief, the moving party must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief, (3) that the balance of equities tips in favor of the moving party, and (4) that an injunction is in the public interest. *Id.* at 20. The Ninth Circuit applies a sliding scale test to these factors: if the plaintiff can at least raise "serious questions going to the merits" and demonstrate a "balance of hardships that tips sharply towards [them]," the plaintiffs are entitled to preliminary injunctive relief "so long as . . . [they] also show[] that there is a likelihood of irreparable injury and

that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Considering these factors here, Plaintiffs' second request for a temporary restraining order, (Doc. 9), is denied. Even assuming, without deciding, that Plaintiffs have demonstrated a likelihood of success on the merits and irreparable harm, neither a balance of the equities nor the public interest weigh in favor of granting the requested preliminary relief without first determining the implications of both the parallel state proceeding, *see Looney v. Tierney*, Cause No. DV-16-2024-0001014 (Mont. 18th Jud. Dist.), and the Judicial Standards Commission proceeding, (Doc. 4 at 6), and hearing argument from Defendants.

Nor is it appropriate to expedite matters further. Plaintiffs chose to first pursue a remedy in state court, filing that action in mid-September. *See Looney*, Cause DV-16-2024-0001014 (Mont. 18th Jud. Dist.). Once the case was filed here, a hearing date was immediately set with that hearing to be held within the same calendar month. That expedited timeline both permits service on Defendants and provides them with a short but adequate time within which to respond to the pending motion.

Accordingly, it is ORDERED that Plaintiff's Motion, (Doc. 9), is DENIED.

DATED this 7th day of October, 2024.

_____ 09:36 A.M.
Donald W. Molloy, District Judge
United States District Court